UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-47-BO

| | |
|---|---|
| CYNTHIA SMALLWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| IRWIN MORTGAGE COMPANY, EVERHOME ) | |
| MORTGAGE COMPANY, ) | |
| MERSCORP/MERS, INC., and JOHN DOES 1-5, ) | |
| Defendants. ) | |

This matter is before the Court on the defendants' motion to dismiss plaintiff's first amended complaint [DE 29]. For the reasons stated herein, the defendants' motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

On June 27, 2003, plaintiff Ms. Smallwood executed a 30-year mortgage note on her home located at 5809 Wynmore Road in Raleigh, North Carolina. As security for this mortgage note, Ms. Smallwood executed a deed of trust that identified Irwin mortgage Corporation as lender and Mortgage Electronic Registration Systems ("MERS") as "nominee for Lender and Lender's successors and assigns . . . [and as a] beneficiary under [the instrument]." Scott A. Korbin was listed as trustee on the deed of trust.

MERS was created in 1993 and operates as a centralized clearinghouse that tracks the transfer and securitization of mortgages. Peter W. Salsich Jr., *Homeownership – Dream or Disaster?* 21 AFFORDABLE HOUSING & COMMUNITY DEV. L. 17, 33–35 (2012). For certain mortgages, this database serves as a stand-in for the more traditional register of deeds offices

1

typically operated by county governments. Lenders often list MERS on a mortgage's initial recordation with the county and then all subsequent transfers are documented internally by MERS, but do not appear on a search of the county's records. *Id.* In this way, MERS can create some confusion for consumers who, accustomed to being able to find all mortgage-related information at the register of deed, must now untangle one public and one private recordation system. Although MERS was an attempt to streamline the process of assigning mortgages it has led to extensive and protracted litigation. *See e.g. In re: Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F.Supp.2d 1368 (2009).

On March 13, 2009, Ms. Small wood entered into a contract with Everhome Mortgage Company titled "Home Affordable Modification Trial Period Plan." If plaintiff complied with this contract she would eligible for a permanent mortgage modification. At some point in 2009, foreclosure proceedings began against Ms. Smallwood's home. On July 13, 2009, after filing a notice of hearing and notice of foreclosure sale, Substitute Trustee Services, Inc., voluntarily dismissed the foreclosure action. After orally agreeing to accept modified payments in June and July of 2010, Everhome denied Ms. Smallwood's mortgage modification on August 24, 2010.

The plaintiff has alleged that the deed of trust and mortgage note are no longer held by any identifiable entity. Further, the plaintiff has alleged that her mortgage was flawed from the start because it was improper to name MERS as a beneficiary and nominee of the lender. Moreover, plaintiff has alleged that no "evidence exists which could ever make the Plaintiff indebted to MERS or Everhome in any way." [DE 26]. Instead, plaintiff alleged that the true lenders "were investors who had provided the funds for the loans through mortgage back security

2

pools which were held as trusts." *Id.* According to the plaintiff, these "investors of the mortgage-backed securities" would be the proper parties to this action. *Id.*[1]

Ms. Smallwood included ten causes of action in her amended complaint: (1) fraud and conspiracy to commit fraud as to defendant Shapiro & Ingle[2]; (2) deceptive and unfair trade practices as to defendant Everhome; (3) unfair and deceptive trade practices as to all defendants; (4) negligent supervision; (5) fraud; (6) conspiracy to commit fraud through the use of MERS; (7) violations of the Fair Debt Collections Practices Act ("FDCPA"); (8) violations of the Real Estate Settlement Procedures Act ("RESPA"); (9) reformation; (10) slander of title; (11) quiet title; and (12) breach of contract.

## DISCUSSION

### I.    12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a matter based on the plaintiff's failure to state a claim upon which relief might be granted. A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated, "it does not resolved contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of NC v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In evaluating a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint should survive a motion to dismiss only if it "states a plausible claim for relief" supported by well-pleaded facts that permit

---

[1] The plaintiff has named John Does 1-5 as defendants in this matter. The complaint never explicitly addresses the role of these John Does or which claims are brought against them. It is unclear whether these John Does are representative of these mortgage-backed securities investors identified by the plaintiff.

[2] Shapiro & Ingle, LLP was terminated as a party on November 9, 2012 and, as such, this claim is no longer live in this litigation.

3

the court "to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In addition to supporting the plausibility of its claim, the plaintiff must offer in its complaint "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(internal quotation marks and citations omitted).

II.     Claims

After thoroughly reviewing the plaintiff's complaint, and in light of the current Rule 12(b)(6) standard under *Twombly* and *Iqbal*, the defendant's motion to dismiss as to the plaintiff's claims for breach of contract (count XII) is denied. Pursuant to the Rule 12(b)(6) standard under *Iqbal* and *Twombly*, the Court has not considered these claims on the merits, but finds that plaintiff has sufficiently stated a claim upon which relief might be granted.

III.    PLAINTIFF'S CLAIM FOR FRAUD BY MISREPRESENTATION.

In counts III and V of her amended complaint the plaintiff alleges that the defendants committed fraud by misrepresentation and unfair and deceptive trade practices. The threadbare allegations seemingly confuse multiple theories of liability and are not supported by well-pleaded facts. The plaintiff's pleading provides no background information such as dates of the alleged misrepresentations, or the mode of misrepresentation. The plaintiff's statement that defendants committed "multiple misrepresentations" is insufficient to support any inference of the defendant's liability. As such, the plaintiff's allegations do not contain facts that allow the court to infer more than a mere possibility of misconduct. It is proper to dismiss these claims against the defendant.

IV.     CONSPIRACY TO COMMIT FRAUD

In count VI of her amended complaint, the plaintiff attempts to allege a claim for conspiracy to commit fraud. "The elements of a civil conspiracy are: (1) an agreement between

4

two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the co-conspirators; and (4) pursuant to a common scheme." *Privette v. Univ. of North Carolina*, 96 N.C.App. 124, 139 (1989). The plaintiff's pleading on this claim is difficult to follow, but clearly falls short of the pleading requirements of *Twombly* and *Iqbal*. The plaintiff's attempt to plead a claim for conspiracy is rife with conclusory statements alleging that the defendant's actions were "unlawful." The plaintiff has failed to establish that the defendants conspired to commit any unlawful act or any lawful act in an unlawful way. As such, her claim is properly dismissed.

V.   NEGLIGENT SUPERVISION

In order to state a claim for negligent supervision, a plaintiff must sufficiently allege: (1) the defendant had a legal duty to the plaintiff; (2) the defendant breached its duty to the plaintiff; and (3) that the defendant's breach was the proximate cause of the plaintiff's injury. *See Stein v. Asheville City Bd. of Ed.*, 360 N.C. 321, 325 (2006). In addition, the plaintiff must sufficiently allege that an incompetent employee of defendant's committed a tortious act resulting in injury to plaintiff and that prior to the act defendants knew or had reason to know of the employee's incompetence. *See Leftwich v. Gaines*, 134 N.C. App. 502, 513–14 (1999). Reviewing the plaintiff's amended complaint pursuant to the *Iqbal* and *Twonbly* requirements the Court finds that the plaintiff has failed to state a claim upon which relief might be granted. Specifically, the plaintiff has failed to plead that the defendant had knowledge of any specific incompetence or that a specific duty was owed to the plaintiff. As such, this claim is properly dismissed.

VI.   VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

The plaintiff's claim against defendant Everhome Mortgage Company for violations of the Fair Debt Collections Practices Act (FDCPA) fails as a matter of law. 15 U.S.C. § 1692 is

designed to protect individuals from third-party debt collectors. 1692 does not apply to creditors attempting to collect a debt actually owed to them. Because Everhome Mortgage Company was a creditor acting to collect a debt actually owed to it, the FDCPA is not applicable. As such, the plaintiff's claims under the FDCPA fail as a matter of law.

VII. VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

In count VIII of her complaint the plaintiff alleges violations of the Real Estate Settlement Procedures Act (RESPA). The plaintiff's allegations are threadbare and do not provide the basis for even an inference of the possibility of the defendant's wrongdoing. The plaintiff's mere recitation of ways in which RESPA can be violated does not support the plaintiff's claim against these defendants. Because the plaintiff's generic statement of RESPA violations does not support even a possibility of this defendant's misconduct the claim is properly dismissed.

VIII. PLAINTIFF'S CLAIMS UNDER NORTH CAROLINA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT.

In order to state a claim under North Carolina's Unfair or Deceptive Trade Practices Act (UDTPA) a plaintiff must show: (1) an unfair or deceptive trade practice (2) in or affecting commerce (3) which proximately caused actual injury to the plaintiff. *See e.g. Dalton v. Camp*, 353 N.C. 647, 656 (2001). The conduct must be immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *See e.g. Gilbane Bldg. Co. v. Fed. Reserve Bank*, 80 F.3d 895, 902 (4th Cir. 1996). Conduct constituting an unfair or deceptive trade practice can be somewhat nebulous to define, but "only practices involving some type of egregious or aggravating circumstances are sufficient to violate the UDTPA." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146 (4th Cir. 2012)(quoting *ABT Bldg. Prods. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 472 F.3d 99, 122-23 (4th Cir. 2006)(internal quotation marks omitted). Importantly, a

6

mere breach of contract - even if intentional – is not sufficient to support a cause of action under the UDTPA. *Kelly v. Georgia-Pacific, LLC*, 671 F.Supp.2d 785, 799 (E.D.N.C. 2009). The plaintiff has failed to plead any alleged actions by defendants that are outrageously immoral or oppressive. As such, this claim is properly dismissed for failure to state a claim upon which relief might be granted.

## IX. CLAIM FOR REFORMATION

Plaintiff's claim for reformation alleges that she is "entitled to have clear title restored and the Court should order the Clerk of Court of the County to release the mortgage and strike all mortgage assignments filed in the name of Defendants as to the plaintiff." Reformation is an equitable remedy that is used to reframe written instruments only "where, through mutual mistake . . . the written instrument fails to embody the parties' actual, original agreement." *Lawyers Title Ins. Co. v. Golf Links Development Corp.*, 87 F.Supp.2d 505, 512 (W.D.N.C. 1999). In order to plead such mutual mistake "the party seeking reformation must show that the parties to the contract intended to agree to terms that are different from those reflected in the writing." *Cross v. Bragg*, 329 Fed.App'x. 443, 454 (4th Cir. 2009)(citing RESTATEMENT (SECOND) OF CONTRACTS § 152 (1979)). Here the plaintiff has failed to allege the existence or nature of any such mutual mistake. Further, the plaintiff has failed to allege how the contract fails to evince the true nature of the agreement between the parties. As such, the plaintiff's claim for reformation is dismissed for failure to state a claim pursuant to Rule 12.

## X. CLAIM FOR SLANDER OF TITLE

A slander of title claim consists of the following elements: "(1) the uttering of slanderous words in regard to the title of someone's property; (2) the falsity of the words; (3) malice; (4) special damages." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 30 (2003). In

alleging special damages under this cause of action, the plaintiff must enumerate or explain those damages – a bare reference is insufficient. *Jolly v. Academy Collection Serv., Inc.*, 400 F.Supp.2d 851 (M.D.N.C. 2005). The plaintiff's amended complaint fails to properly allege any special damages and merely restates the elements of the cause of action. As such, under *Iqbal* and *Twombly* it is proper to dismiss this claim.

XI.  QUIET TITLE ACTION

"An action [to quiet title] may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." N.C.G.S. § 41-10. Where a plaintiff acknowledges a deed of trust she can only prevail on her quiet title claim if she establishes it that it is void. *See Kelley v. Citifinancial Servs., Inc.*, 205 N.C. App. 426 (2010). Here, the plaintiff has failed to plead any facts that would establish the deed of trust as void.

## CONCLUSION

For the foregoing reasons the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The only remaining live claim in this matter is the plaintiff's claim for breach of contract.

SO ORDERED.

This the **30** day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE