IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-47-BO

| | |
|---|---|
| CYNTHIA SMALLWOOD, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| IRWIN MORTGAGE COMPANY; EVERHOME MORTGAGE COMPANY; WELLS FARGO HOME MORTGAGE; MERSCORP/MERS, INC.; WELLS FARGO BANK, N.S., SHAPIRO & INGLE, LLP; and JOHN DOES 1-5, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the parties' cross motions for summary judgment [DE 59 & 66]. The motions are now ripe for adjudication. For the reasons stated herein, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED.

## PROCEDURAL HISTORY

On September 4, 2012, plaintiff, Cynthia Smallwood, filed an amended complaint against defendants Everhome Mortgage Company ("Everbank"), Irwin Mortgage Company, Merscorp/Mers, Inc., Wells Fargo Home Mortgage; Wells Fargo Bank, N.A., Shapiro & Ingle, LLP; and John Does 1-5. Plaintiff voluntarily dismissed some of the plaintiffs on March 20, 2012 and November 9, 2012. On September 19, 2012, some defendants filed a motion to dismiss. On September 3, 2013, the Court entered an order which dismissed all of plaintiff's claims except for the breach of contract claim against defendant Everbank. On October 15, 2013,

Everbank filed a motion for summary judgment on the sole remaining claim [DE 59]. On October 17, 2013, Smallwood filed an amended motion for summary judgment [DE 66].

## FACTUAL BACKGROUND

On June 27, 2003, plaintiff executed a promissory note payable to the order of defendant Irwin Mortgage Company. To secure payment of the note, plaintiff concurrently signed a deed of trust. The deed of trust identified MERS as the beneficiary under the deed of trust and as "nominee for lender and lender's successors and assigns." Everbank services the loan on behalf of Federal National Mortgage Association.

Plaintiff defaulted on her repayment obligations under the note, and in response to plaintiff's request for financial assistance, Everbank offered plaintiff a special forbearance agreement on October 26, 2005. Following plaintiff's completion of the special loan forbearance, Everbank modified plaintiff's loan effective May 3, 2006. Plaintiff's loan was subsequently approved for a second modification dated January 26, 2008. Plaintiff failed to make payments as required under the second modification agreement, and as of February 2009, her loan was due for the July 2008 installment.

To cure the default on the second modification agreement, plaintiff entered into a streamlined modification program loan workout plan and modification agreement with Everbank on March 13, 2009. The terms of the agreement required plaintiff to make three trial payments through May 2009 in order to receive a step-rate modification. Plaintiff made the trial payments and Everbank implemented the step-rate loan modification.

Despite receiving three prior loan modifications, plaintiff again defaulted on her repayment obligations, and she was notified of her default on December 2, 2009. Plaintiff contacted Everbank for financial assistance, was conditionally pre-approved under the Home

Affordability Modification Program ("HAMP") based on the verbal information provided by the plaintiff, and offered an initial trial plan effective February 2010. Everbank was unable to validate plaintiff's verbal representation of income and notified plaintiff that it could not approve her request for a modification under HAMP. Everbank agreed to accept additional trial payments for June and July 2010 to provide plaintiff additional time to validate her monthly income. Plaintiff remained unable to substantiate her monthly income, and Everbank notified plaintiff on August 24, 2010 that her request for a fourth modification was denied.

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

As an initial matter, it is unclear to the Court and to defendants whether or not plaintiff is disputing whether or not she received a third permanent loan modification. However, in her response, plaintiff does not challenge Everbanks evidence which establishes that she did receive this permanent loan modification in accordance with the terms of the streamlined modification

3

program loan workout plan and modification agreement. Accordingly, Everbank is entitled to summary judgment on any claim premised upon this agreement.

Plaintiff bases the bulk of her claim on what she alleges is the non-performance of a contract by Everbank. Plaintiff's argument is essentially that when she entered into the HAMP initial trial plan its terms were that, if she made her trial payments and supported her representations as to her income with documentation, the trial plan would become a permanent modification automatically. She states that she made the trial payments, and even made additional trial payments, and that the documentation that she submitted verified her income and she was therefore entitled to a permanent modification which Everbank did not deliver. Everbank, however, states that she did not verify her income, and even if she had, HAMP does not provide a private right of action, and a trial payment plan cannot form the basis for a breach of contract claim.

First, the Court agrees that HAMP does not create a private right of action, and there can be no breach of contract claim deriving from a trial period plan ("TPP"). *See Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1352–57 (S.D. Fla. 2011) (citing and discussing cases); *see also Bourdelais v. JPMorgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 35507 *9–14 (E.D. Va. April 1, 2011) (collecting cases). Even if she could base her claim on a TPP, plaintiff cannot get around the fact that the decision of whether or not to offer a permanent modification of the mortgage is left to the discretion of defendant. *Senter*, 810 F. Supp. 2d at 1355–57; *see also Bourdelais*, 2011 U.S. Dist. LEXIS 35507 at *14–15. Therefore plaintiff cannot make a cognizable breach of contract claim.

> The plain language of the TPP agreement clearly stated that it
>
> is not a modification of the Loan Documents and that the Loan Documents *will not be modified* unless and until (i) I meet all of the conditions required for

4

> modification, (ii) I receive a fully executed copy of a [Home Affordable] Modification Agreement, and (iii) the Modification Effective date has passed.

[DE 26 Ex. F ¶ 2G] (emphasis added). It similarly advised that "the Loan Documents will not be modified"

> [i]f prior to the Modification Effective Date, 7 (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Lender determines that my representations in Section 1 are no longer true and correct . . . .

[*Id.* at ¶ 2F]. In Section 1, plaintiff promised to provide "documentation for all income" [*Id.* at ¶ 1D], which the lender would use "to determine *whether [she] qualif[ied]* for the offer" of permanent loan modification, and the TPP agreement made clear that plaintiff might "not qualify" for the offer. [*Id.* at 1] (emphasis added).

Here, plaintiff has not provided evidence that she received a fully executed copy of the plan or modification agreement prior to the modification effective date. To the contrary, Everbank has provided two separate letters sent to plaintiff which indicated that the materials she had provided in support of her application were not sufficient and that she would not be receiving a permanent modification. [DE 64 Ex. B-8, B-9]. The evidence establishes that plaintiff failed to comply with the requirements of the TPP, and that Everbank had the discretion to deny her claim up until they presented her with a fully executed modification agreement, such that even if a breach of contract claim could be premised upon the TPP, defendant's motion for summary judgment must be granted and plaintiff's motion for summary judgment must be denied.

5

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED and the plaintiffs' motion for summary judgment is DENIED. The clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED.

This the _2_ day of ~~January~~ *February*, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE